UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TONEY KELSEY,
    *Petitioner*,

v.

JANET C. HALL,
    *Respondent*.

No. 3:19-cv-02013 (JAM)

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Toney Kelsey has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Because the relief that Kelsey seeks must be pursued by means of a motion for post-conviction relief pursuant to 28 U.S.C. § 2255 rather than by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, I will dismiss the petition without prejudice to re-filing of a motion for post-conviction relief pursuant to 28 U.S.C. § 2255.

## BACKGROUND

Kelsey was convicted after a jury trial on several charges before Judge Janet C. Hall in the District of Connecticut. *See United States v. Kelsey*, No. 3:17-cr-36 (D. Conn.). On January 4, 2019, Judge Hall imposed a sentence of principally 15 years of imprisonment. Kelsey has filed an appeal, which is pending before the Second Circuit. *See United States v. Kelsey*, 19-138 (2d Cir.).

Kelsey has now filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. His petition alleges the following claims, all arising from the indictment and trial before Judge Hall: (1) that the indictment failed to allege enough facts; (2) that Kelsey was deprived of his right to confront witnesses when one of his accuser's statements was introduced into evidence without the accuser coming to court to testify; (3) that there was an illegal search and

seizure without a warrant; and (4) that witnesses testified at trial without being put under oath. Doc. #1 at 7-8.

## DISCUSSION

A federal prisoner who seeks relief from a prison sentence has a choice of federal statutes under which to file a court action. On the one hand, if the prisoner seeks to challenge the lawfulness of his conviction and sentence as imposed by the judge (such as by raising a challenge to the validity of the indictment, a guilty plea, a trial, or the length of sentence that the judge imposed), then the prisoner may file a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. On the other hand, if the prisoner seeks to challenge the lawfulness of how the sentence has been executed or carried out by prison officials (such as by raising a challenge to the calculation of good-time credits or the general conditions of prison treatment and confinement), then the prisoner may file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See generally Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003). If a prisoner seeks to raise the first kind of challenge (*i.e.*, a challenge to the lawfulness of his conviction and sentence), he may not pursue such relief by means of a petition for a writ of habeas corpus under 28 U.S.C. § 2241 unless it is clear that a motion for post-conviction relief under 28 U.S.C. § 2255 is not procedurally allowed and unless a failure to allow the prisoner to seek such relief would raise serious constitutional questions. *Id.* at 378.

Kelsey has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. But it is apparent from his claims that he disputes the lawfulness of his conviction and resulting sentence rather than the manner in which prison officials are implementing the sentence. For the kind of relief that Kelsey seeks, he should have filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255 rather than a petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2241.

What should a court do when a prisoner like Kelsey errantly files a section 2241 petition when he should have filed a section 2255 motion? One option is for a court to simply dismiss the section 2241 petition and leave it to the prisoner to decide whether to re-file his claims as a section 2255 motion. A second option is for the court to convert or recharacterize the section 2241 petition as a section 2255 motion and then proceed to adjudicate the action as if the prisoner had properly filed a section 2255 motion. But because a federal prisoner is generally restricted to litigating only one section 2255 motion, a court may not recharacterize a filing as a section 2255 motion unless the court first warns the prisoner about this limitation and affords the prisoner an opportunity either to withdraw the filing or amend it so that it contains all the section 2255 claims that the prisoner believes he has. *See Castro v. United States*, 540 U.S. 375, 383 (2003).

Here, the first option makes the most sense: for the Court to simply dismiss Kelsey's section 2241 petition and let Kelsey decide if he wishes to re-file a section 2255 motion and when he might wish to do so. A section 2255 motion may be filed up to one year after a conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). Because Kelsey's conviction is still on direct appeal and not yet final, he has plenty of time to file a procedurally valid section 2255 motion. But because it is likely that he will have only one opportunity to pursue a section 2255 motion, he might decide it is prudent to wait and see the outcome of his appeal before deciding (if necessary) what claims he wishes to pursue to attack the validity of his conviction and sentence. If Kelsey chooses to file a section 2255 motion, he should name the "United States of America" as the defendant or respondent rather than name any particular judge or other official involved in his criminal prosecution or trial.

3

## CONCLUSION

For the foregoing reasons, the Court DISMISSES the petition for a writ of habeas corpus without prejudice to filing of a timely motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Because this procedural dismissal without prejudice does not raise a substantial question of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), no certificate of appealability shall enter. The Clerk is directed to enter judgment in favor of the respondent and to close this case. It is so ordered.

Dated at New Haven this 13th day of January 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge